IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No.: 24-cr-38-wmc

JERAMIE J. MASON,

    Defendant.

---

PRELIMINARY ORDER OF FORFEITURE

---

    Based upon the motion of the United States, the entire file in this case, and good cause appearing, the Court finds that:

    1.    On April 3, 2024, a federal grand jury sitting in Madison, Wisconsin returned an Indictment against defendant Jeramie J. Mason.

    2.    On February 19, 2025, a grand jury sitting in Madison, Wisconsin entered a Superseding Indictment against defendant, Jeramie J. Mason. Count 4 of the Superseding Indictment charged that on or about November 3, 2023, the defendant knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting commerce a Hi-Point 40 caliber handgun, said firearm having previously traveled in and affected interstate commerce. Before the defendant committed the offense charged in this count, he had at least three previous convictions in any court for a violent felony or serious drug offense that were committed on occasions different from one another in

violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The Superseding Indictment also contained forfeiture allegation stating upon conviction of the offense set forth in Count 4 of the indictment, the defendant shall forfeit any firearms and ammunition involved in the commission of the offense, including, but not limited to a Hi-Point 40 caliber handgun and 40 caliber ammunition. ECF No. 74.

3.     Prior to the trial, the parties stipulated that the Hi-Point 40 caliber handgun, recovered on November 3, 2023, from 2454 Old Camden Square, Madison, Wisconsin had traveled in interstate commerce before being present in the State of Wisconsin. The parties also stipulated that the Hi-Point handgun meets the Federal definition for a firearm. Lastly, the parties stipulated that on March 31, 2013, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year and on November 3, 2023, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. ECF. No. 85.

4.     The defendant stipulated that he was convicted of three felony crimes and the three offenses were committed on occasions different from one another. ECF. No. 131.

5.     On April 15, 2025, during the second date of the jury trial in *United States v. Jeramie J. Mason*, 25-cr-38-wmc, the government presented evidence that the Hi-point 40 caliber handgun was recovered from 2454 Old Camden Square. The handgun was

admitted into evidence as Exhibit 12. Stenographic Transcript of Second Day of Jury Trial, *United States v. Jeramie J. Mason*, 25-cr-38-wmc, 14:13 and 28:22-31:5.

6.   Also on April 15, 2025, the government presented evidence which showed the defendant's DNA was found on the Hi-point 40 caliber handgun, the magazine and the ammunition cartridges. The DNA reports were admitted into evidence as Exhibit 33 and Exhibit 34. Stenographic Transcript of Second Day of Jury Trial, *United States v. Jeramie J. Mason*, 25-cr-38-wmc, 183:21 - 194:3, Exhibit 33 entered at 184:20 and Exhibit 34 entered at 193:2-3.

7.   On April 15, 2025, the defendant was found guilty at trial of all charges, but specifically of Count 4 as it relates to the forfeiture. ECF. No. 148.

8.   On April 16, 2025, the Court held a post-trial conference. (Stenographic Transcript of Third Day of Jury Trial, *United States v. Jeramie J. Mason*, 25-cr-38-wmc, 122: 2-15.) The parties stipulated that the defendant waived jury determination on the forfeiture of the gun. (*Id.* at 122: 10-15). This interaction occurred after a jury had rendered a guilty verdict that the defendant possessed the Hi-Point 40 caliber handgun.

IT IS THEREFORE ORDERED:

1.   That based upon signed stipulations, the evidence submitted at trial, the Jury's finding the defendant guilty of Count 4 of the indictment, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 21 U.S.C. § 853, Rule 32.2 of the Federal Rules of Criminal Procedure, the government established the requisite nexus between the Hi-Point 40

3

caliber handgun and Count 4 of the indictment. The defendant forfeits to the United States his right, title, and interest in the following:

> a. any firearms and ammunition involved in the commission of the offense, including, but not limited to a Hi-Point 40 caliber handgun and 40 caliber ammunition.

2. The government is directed to seize and take custody of the above-referenced property.

3. Pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of the order and of its intent to dispose of property in such a manner as the Attorney General may direct. Any other person, other than the defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the Court within thirty days of final publication notice or receipt of actual notice, whichever is earlier.

> a. The petition shall be for a hearing to adjudicate the validity of a petitioner's alleged interest in the forfeited asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.
>
> b. To the extent practicable, the United States may also provide direct written notice to any person who has an alleged interest in the forfeited asset, as a substitute for published notice.

4.	Upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this 15th day of May 2025.

WILLIAM M. CONLEY
United States District Judge